**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES,**<br><br>          **Plaintiff,**<br><br>     vs.<br><br>**MICHAEL SINGLETARY,**<br><br>          **Defendant.** | Case No.: CR- 12-00798 YGR<br><br>**ORDER DENYING MOTION OF DEFENDANT TO SUPPRESS EVIDENCE** |

Defendant Michael Singletary was indicted for violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm and ammunition, on November 8, 2012. (Indictment, Dkt. No. 2.) Singletary filed a Motion to Suppress Evidence regarding evidence found in the car he was driving at the time of his arrest. (Dkt. No. 16 ["Mtn. to Suppress"].) The government has challenged Singletary's Fourth Amendment standing. (Dkt. No. 18 ["Opposition"].)

Having carefully considered the pleadings in this action, oral argument, and for the reasons set forth below, the Court hereby **DENIES** the Motion to Suppress Evidence.

**I.     BACKGROUND**

On October 24, 2012, at approximately 12:24 a.m., Officer Bennett began following a blue Honda on Mason St. in San Pablo. (Mtn. to Suppress, Exh. A.) While following the Honda, Officer Bennett observed the Honda speeding, running stop signs, and crossing over double yellow lines. (*Id.*) After running the license plate number, Officer Bennett discovered the vehicle's registration had expired. (*Id.*) The Honda then collided into a parked vehicle, and came to a stop. (*Id.*) Officer Bennett (on duty alone) conducted a traffic stop, and ordered the driver, Singletary, to show his hands. (*Id.*) Officer Bennett saw Singletary moving his hands down and feared he was

reaching for a weapon. (*Id.*) Officer Bennett opened the car door and ordered Singletary to put his hands up and lie on the ground. (*Id.*) When Singletary refused to comply, Officer Bennett grabbed his hand and placed him in a wrist lock. (*Id.*) Singletary began to reach under the seat, so Officer Bennett pulled him out of the vehicle. (*Id.*) Singletary then "stood up and squared off" with Officer Bennett. (*Id.*) Officer Bennett took Singletary down with a leg sweep and was able to place handcuffs on one of his hands. (*Id.*) Because Singletary was resisting being handcuffed, Officer Bennett threatened to use his Taser on Singletary. (*Id.*) Singletary then complied, and Officer Bennett handcuffed him. (*Id.*)

Officer Bennett searched the vehicle and saw a handgun protruding from under the driver's seat, and a black police style baton on the back seat. (*Id.*) The ignition of the vehicle was completely destroyed, and Officer Bennett had to turn the vehicle off with a screwdriver that he found under the steering column. (*Id.*) Officer Bennett also found a plastic container in the front passenger floorboard area. (*Id.*) Inside were miscellaneous tools and a small nylon zip up style pouch. (*Id.*) Inside the pouch was ammunition matching the rounds found in the firearm. (*Id.*) There were also "a lot of bags" containing men's clothing and personal items. (*Id.*)

When Officer Bennett asked Singletary who owned the vehicle, Singletary replied, "Some wetback." (*Id.*) The Honda was registered to Bherlyn Saballos. (*Id.*) Saballos later advised that the vehicle had been towed months earlier, and she believed the vehicle had been taken out of her name. (*Id.*)

## II.   DISCUSSION

The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. Amend. IV. "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978) (quoting *Alderman v. United States*, 394 U.S. 165, 174 (1969)). Therefore, "[t]he proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." *Id.* at 132 fn.1. To establish that the proponent's rights were violated, he must show that he had a legitimate expectation of privacy in the invaded place. *Id.* at 143 (citing *Katz v. United States*, 389 U.S. 347, 353 (1967)). An expectation of privacy is

legitimate if it is one which society accepts as objectively reasonable. *United States v. Thomas*, 447 F.3d 1191, 1196 (9th Cir. 2006) (citing *Minnesota v. Olson*, 495 U.S. 91, 95-96 (1990)).

Singletary has brought a motion to suppress based upon the search of the vehicle and the pouch. As a preliminary matter, he must have a legitimate expectation of privacy in each. The Court examines each in turn.

### A. STANDING TO CHALLENGE THE SEARCH OF THE VEHICLE

The government contends that Singletary has not only failed to demonstrate a reasonable expectation of privacy in the contents of the vehicle, but that the vehicle "bore all the signs of having been stolen," necessarily precluding a legitimate privacy interest. (Opposition at 4.) Singletary replies that he has standing because he was the sole occupant and driver of the vehicle, and there is no evidence that he personally stole the vehicle or knew that the vehicle was stolen.

"'[A] person does not possess a reasonable expectation of privacy in an item in which he has no possessory or ownership interest.'" *Thomas*, 447 F.3d at 1197 (quoting *United States v. Cormier*, 220 F.3d 1103, 1108 (9th Cir. 2000)). "[A] defendant who lacks an ownership interest may still have standing to challenge a search, upon a showing of 'joint control' or 'common authority' over the property searched." *Id.* at 1198. However, merely being the driver of the vehicle is insufficient. *Id.* at 1199 (noting that the unauthorized driver of a rental car only has standing to challenge a search of the vehicle if he received permission to use the rental car from the authorized renter). Furthermore, a person present in a stolen automobile at the time of the search lacks standing. *United States v. Cunag*, 386 F.3d 888, 894 (9th Cir. 2004) (noting that the Supreme Court in *Rakas* expressly denounced the Ninth Circuit's prior holding that the driver of a stolen car enjoyed Fourth Amendment protection).

In *Thomas*, the Ninth Circuit considered whether an unauthorized driver of a rental car could assert Fourth Amendment rights regarding a search of the vehicle. *Thomas*, 447 F.3d at 1197. The court determined that Thomas may have standing to challenge the search if he had received permission to use the car from an authorized driver. *Id.* at 1199. Because Thomas failed to show that he received such permission, he lacked standing. *Id.* Similarly, in *United States v. Portillo*, 633 F.2d 1313, 1317 (9th Cir. 1980), the Ninth Circuit noted that a defendant may have a

legitimate expectation of privacy in another's car if the defendant is in possession of the vehicle, has permission to drive the car from the owner, has a key to the car, and has the right to exclude all but the owner from the car. *Thomas*, 447 F.3d at 1198.

Here, Singletary fails to demonstrate any factors to support a reasonable expectation of privacy in the vehicle. He does not allege that he had permission to drive the vehicle from the registered owner, Bherlyn Saballos. He does not allege that he had a key to the vehicle. In fact, the officer had to use a screwdriver to turn off the vehicle because the ignition was totally destroyed. Singletary does not even allege that he had permission from anyone to drive the vehicle. When asked to whom the vehicle belonged, his only reply was "Some wetback." Based on these facts, Singletary has failed to assert a legitimate privacy interest in the vehicle.

Two similar cases also support this conclusion. In *United States v. Gomez*, 16 F.3d 254, 255 (8th Cir. 1994), the Eighth Circuit considered the standing of a defendant driving a vehicle that was not registered to him.[1] The court in *Gomez* determined that Gomez failed to demonstrate a reasonable expectation of privacy in the vehicle because he did not know the owner of the vehicle, and "some unidentified third party told him the owner had given permission for its use." *Id.* at 256. In that case, the defendant may have believed he had permission to use the vehicle. Here, Singletary claims no such permission.

In *United States v. Sinclair*, No. 09-00070 SBA, 2011 WL 6012975, at *2 (N.D. Cal. Dec. 1, 2011), a court in this district held that the defendant failed to establish a legitimate expectation of privacy in his mother's van. The defendant had keys to the van, but did not explain how he obtained the keys, or state that he had permission from his mother to use the van. *Id.* Again, here, Singletary did not have keys, has not claimed to be related to the registered owner, and failed to state that he had permission from the registered owner or an authorized user of the vehicle.

For the above reasons, Singletary has failed to establish a reasonable expectation of privacy in the Honda, and therefore lacks standing to challenge the vehicle's search.

---

[1] In *Thomas*, the Ninth Circuit agreed with the Eighth Circuit regarding unauthorized use of a rental car, and so similar Eighth Circuit cases may be persuasive here. *See Thomas*, 447 F.3d at 1199.

4

**B.     STANDING TO CHALLENGE THE SEARCH OF THE PLASTIC CONTAINER**

Singletary further argues that even if he does not have standing to challenge the vehicle search, he has standing to challenge the search of the plastic container found to contain ammunition. "'A person has an expectation of privacy in his or her private, closed containers' and 'does not forfeit that expectation of privacy merely because the container is located in a place that is not controlled exclusively by the container's owner.'" *United States v. Davis*, 332 F.3d 1163, 1167 (9th Cir. 2003) (quoting *United States v. Fultz*, 146 F.3d 1102, 1105 (9th Cir. 1998)). However, Singletary must still demonstrate a property or possessory interest in the property searched or seized. *See Rakas*, 439 U.S. at 148 (finding no legitimate expectation of privacy where passenger defendants asserted neither a property nor a possessory interest in either the vehicle or the property seized, and made no showing of a legitimate expectation of privacy in the glove compartment or area under the seat); *see also United States v. Welch*, 4 F.3d 761, 764 (9th Cir. 1993) (holding that a limited expectation of privacy in a shared car did not limit privacy expectations in items within the car that were independently the subject of such expectations).

In *United States v. Salazar*, the court found a privacy interest in a container, even where a privacy interest did not exist for the vehicle generally. 805 F.2d 1394, 1396 (9th Cir. 1986) *overruled on other grounds by California v. Acevedo*, 500 U.S. 565 (1991). There, officers stopped a vehicle in which the defendant was a passenger, ordered the occupants out, and opened a shopping bag inside the vehicle. *Id.* Inside the bag were two kilograms of cocaine. *Id.* The Ninth Circuit held that the defendant had standing to challenge the search of the bag because it was a closed container placed on the floorboard where he was sitting, the defendant asserted an interest in the seized property, and he abandoned the property only when ordered out of the vehicle by the police. *Id.* Notably, the officers in *Salazar*, having observed the transfer of the bag, had no interest in searching the vehicle itself. *Id.* The bag was the sole object of their search. *Id.*

The facts in this case are distinguishable from those in *Salazar*. As a mere passenger, Salazar had limited standing to challenge the vehicle search, but nonetheless had standing to challenge the search of the brown bag in which he asserted an interest. Here, Singletary has not asserted an interest in the plastic container. His declaration does not mention the container at all.

Furthermore, Singletary does not assert in his declaration, nor does the police report specify, that the plastic container was closed at the time of the search.  *See United States v. Fay*, 410 F.3d 589, 589 (9th Cir. 2005) (noting that in cases finding reasonable expectation of privacy as to property stored in another person's home, the containers were closed).

Singletary has failed to demonstrate a legitimate expectation of privacy in the plastic container or its contents, and therefore lacks standing to challenge the search of the container.

Accordingly, for the reasons set forth above, the Motion to Suppress Evidence is **DENIED**. This terminates Docket No. 16.

**IT IS SO ORDERED**.

**April 17, 2013**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**