**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>MICHAEL SINGLETARY,<br><br>   Defendant. | Case No.: 12-CR-0798 YGR<br><br>**ORDER DENYING IN PART SECTION 2255 MOTION; ORDER REQUIRING RESPONSE FROM GOVERNMENT AS TO SPECIFIC ISSUE** |

Now before the Court is the motion of defendant Michael Singletary ("petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. section 2255. Petitioner argues the following in support of said motion: (1) ineffective assistance of counsel in failing to apprise him of the length of his sentence and the elements of his offenses, and (2) failing to file a notice of appeal as requested; and (3) alleging that the Court applied the sentencing guidelines in error. (Dkt. No. 73.) For the reasons set forth below, the motion is **DENIED** as to two of these three arguments. As to the single remaining issue, ineffective assistance of counsel for failure to file a direct appeal, the Government is **ORDERED** to respond.

**BACKGROUND**

On December 11, 2013, in conjunction with defendant's filing of a consent to entry of his guilty plea before a magistrate judge (Dkt. No. 57), defendant pleaded guilty to counts one and two of the superseding indictment pursuant to Rule 11(c)(1)(c) (Dkt. No. 56; Dkt. No. 58 ("Plea Agreement")). Those counts charged violations of 18 U.S.C. section 922(g)(1) (felon in possession of a firearm and ammunition) and 18 U.S.C. section 1512(c)(2) (obstruction of justice). Based thereon, Judge Ryu issued a report and recommendation to the undersigned, to which defendant filed no objection. (Dkt. No. 60.) Thereafter, the undersigned sentenced defendant to a term of 144

months, and judgment was entered accordingly.  (Dkt. Nos. 66, 67.)  Defendant then filed the instant motion on March 26, 2015.

**DISCUSSION**

**I.    LEGAL STANDARD**

Under 28 U.S.C. § 2255, a federal prisoner may file a motion to vacate, set aside, or correct a sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  A prisoner filing a claim for federal habeas relief under 28 U.S.C. § 2255 is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003).

Section 2255 provides in part as follows:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> (b)  Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto[. . .].

The court conducts an initial review of this motion to determine whether it presents a cognizable claim for relief and requires a response by the government.  A district court must summarily dismiss a Section 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

2

## II. ANALYSIS

In view of the standard set forth above, the undersigned reviews each of petitioner's three claims and finds two to be without merit. Only petitioner's ineffective assistance claim as to whether his counsel failed to file a direct appeal in this case is not plainly without merit. Each finding is discussed in turn below.

### A. WAIVED CLAIMS

Based on the language of the plea agreement, Petitioner has waived his right to petition under Section 2255 on any basis other than ineffective assistance of counsel. Thus, petitioner's challenge to the Court's application of the sentencing guidelines fails.

Petitioner contends that "the Court applied the sentencing guidelines in error and did not consider the appropriate individual sentencing factors under 18 U.S.C. section 3553." (Pet. at 4 (attachment).) Petitioner does not explain what such error was. A correct application of the guidelines is separate and distinct from the further analysis involved in the sentencing factors set forth in Section 3553. Further, petitioner does not indicate how it could have altered his ultimate sentence, given the nature of the plea. The entirety of this argument consists of the single sentence cited above. Regardless, even construing the claim liberally, the Court finds such claim to have been waived. Specifically, petitioner's plea agreement states :

> I knowingly and voluntarily agree to waive any right I may have to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. section 2255 or 28 U.S.C. section 2241, except that I reserve my right to claim that my counsel was ineffective in connection with the negotiation of this Agreement or the entry of my guilty plea.

(Plea Agreement ¶ 5.) Petitioner's claim as to the application of the sentencing guidelines has thus been waived. His motion for relief on this basis is therefore **DENIED**.

### B. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner advances two primary arguments under an ineffective assistance of counsel theory. First, petitioner claims that his counsel failed to apprise him of the elements of his offenses, specifically the second count, and relatedly, that his counsel failed to explain to him the sentences

3

attendant to each of his offenses. Second, petitioner contends his counsel failed to provide effective assistance of counsel where counsel did not file a notice of direct appeal, as requested by petitioner. As explained above, these claims were not waived pursuant to his plea agreement. The Court first sets forth the legal standard for claims of ineffective assistance of counsel, and then considers each of petitioner's arguments in turn.

### 1. Legal Standard

The Sixth Amendment right to counsel guarantees effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, a movant must prove both incompetence of counsel and prejudice to movant's case. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Williams v. Calderon*, 52 F.3d 1465, 1469 (9th Cir. 1995). The *Strickland* two-part test also applies to challenges of guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The movant bears the burden of showing both prongs. *Strickland*, 466 U.S. at 687. Failure to make the required showing on either the "incompetence" prong or the "prejudice" prong "defeats the ineffectiveness claim." *Strickland*, 466 U.S. at 700. Put differently, there is no need to evaluate the counsel's performance if the movant fails to show that prejudice resulted from the counsel's alleged errors. *Strickland*, 466 U.S. at 697; *Hill*, 472 U.S. at 54.

In order to demonstrate deficient performance, a habeas petitioner is required to show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *See Strickland*, 466 U.S. at 687. The relevant query is not what defense counsel could have done, but rather whether the choices made by defense counsel were reasonable. *See Babbitt v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998). Judicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689. To show prejudice in the context of guilty pleas, the petitioner must demonstrate that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Strickland*, 466 U.S. at 694.

**2. Counsel's failure to explain the elements of offenses and sentence lengths**

The Court construes petitioner's claim concerning his counsel's failure to inform him of the elements of his offenses and their attendant sentences as proceeding under a theory of ineffective assistance, such that his plea was neither knowing or voluntary. A petitioner who pleads guilty due to the advice of counsel may only attack the voluntary and intelligent character of the plea by proving that counsel's advice was not within the range of competence required of criminal defense attorneys. *Hill v. Lockhart,* 474 U .S. 52, 56 (1985). The *Strickland* standard of review for ineffective assistance of counsel applies to the instant situation. *Strickland v. Washington*, 466 U.S. 668, 688–92 (1984). Having considered the record in this case, the Court finds that under *Strickland*, petitioner suffered no prejudice from any of counsel's alleged deficiencies, and therefore denies relief on this basis.

The basis for petitioner's argument that his plea was not voluntarily given rests on his contention that his counsel failed to explain the elements of his offenses, specifically for obstruction of justice, and of the length of his sentence. (Pet. at 4.) The record does not support petitioner's assertions. Contrary to petitioner's claim, the record conclusively establishes that not only did petitioner understand the elements of his charged offenses, including obstruction of justice, but he also understood the total sentence to be imposed pursuant to his guilty plea. (*See generally*, Dkt. No. 58 ("Plea Agreement")). Petitioner signed a Plea Agreement indicating that he understood and agreed to the elements of his offenses, that he was guilty of each of those offenses, and agreeing to waive certain rights. Specifically, that Agreement set forth "Defendant's Promises," in relevant part, as follows:

> 1. I agree to plead guilty to Counts One and Two of the captioned Superseding Indictment charging me, respectively, with: (1) knowingly possessing a firearm and ammunition having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1); and (2) obstruction of justice, in violation of 18 U.S.C. § 1512(c)(2).
>
> Count One

I agree that the elements of the offense charged in Count One are as follows: (1) I knowingly possessed a firearm and ammunition; (2) the firearm and ammunition had been shipped or transported from one state to another or from a foreign nation to the United States; and (3) at the time I possessed the firearm and ammunition, I had been convicted of a crime punishable by a term of imprisonment for a term exceeding one year. I agree that the statutory maximum penalties for my biolation of 18 U.S.C. § 922(g)(1) are:

    a. Maximum prison sentence     10 years
    b. Maximum fine     $250,000
    c. Maximum supervised release term     3 years
    d. Mandatory special assessment     $100
    e. Forefeiture     [n/a]

Count Two

I agree that the elements of the offense charged in Count Two are as follows: (1) I influenced, obstructed, or impeded, or tried to influence, obstruct or impede an official proceeding; and (2) I acted with the intent to obstruct justice. I agree that the statutory maximum penalties for my violation of 18 U.S.C. § 1512(c) are:

    a. Maximum prison sentence     20 years
    b. Maximum fine     $250,000
    c. Maximum supervised release term     3 years
    d. Mandatory special assessment     $100

2. I agree that I am guilty of the offenses to which I am pleading guilty, and I agree that the following facts are true: On October 24, 2012, in the Northern District of California, I did knowingly possess a firearm and ammunition, described as a DWM 9mm semiautomatic handgun with serial number 3235 and 21 live rounds of 9mm ammunition, which had been transported from a state other than California or from a foreign nation, thereby affecting interstate commerce. [. . .] Additionally, between April 1, 2013 and April 25, 2013, I knowingly attempted to corruptly obstruct, influence, and impede an official proceeding, specifically, the federal prosecution of me in this case. Specifically, while I was awaiting trial on the above-described firearms charge, I met with an individual and attempted to hire him to falsely testify that the car I had been driving on October 24, 2012, and the firearm therein, belonged to him. I offered to pay the individual $2,300 for his false testimony. [. . .]

(Plea Agreement at ¶¶ 1-2.)  Petitioner further confirmed that he had adequate time to discuss this case, and that his attorney had provided him with all the legal advice that he requested.  (*See* Plea Agreement ¶ 17.)  Defendant affirmed that his decision to enter a guilty plea was "made knowing the charges that have been brought against me, any possible defenses, and the benefits and possible detriments of proceeding to trial" and that his decision to plead guilty "is made voluntarily, and not one coerced or threatened me to enter into this agreement."  (*See* Plea Agreement ¶ 19.)  The Agreement also contained a signed statement by defense counsel stating that counsel had explained to petitioner all of petitioner's rights and the terms of the agreement, and that counsel believed petitioner understood all the terms and rights he was giving up by pleading.  (*See* Plea Agreement ¶ 20 [sic].)

Furthermore, at the plea colloquy held before Judge Ryu, petitioner represented that he fully understood the elements of the offenses to which he was pleading guilty and their attendant sentences.  Relevant excerpts from Singletary's plea colloquy (Dkt. No. 75) are as follows:

> THE COURT: Now, Mr. Mann, I'd like you to explain what the elements of the charge are, as well as the maximum penalties for each charge.
>
> MR. MANN: Yes, your Honor. With Count Number 1, the Defendant is charged with one violation of Title 18, United States Code Section 922(g)(1), felon in possession of a firearm and ammunition. And the elements are, one, the Defendant knowingly possessed a firearm and ammunition. Two, the firearm and ammunition had been shipped or transported from one state to another or from a foreign nation to the United States. And three, at the time the Defendant possessed the firearm and ammunition, he had been convicted of a crime punishable by imprisonment for a term exceeding one year. The maximum prison sentence is 10 years. The maximum fine is $250,000. The maximum supervised release term is three years. There's a mandatory special assessment of $100 and forfeiture. In addition, in Count 2, the Defendant is charged with one violation of Title 18, United States Code Section 1512. And that is obstruction of justice. And the elements are, one, the Defendant influenced, obstructed, impeded or tried to influence, obstruct or impede an official proceeding. And two, the Defendant acted with the intent to obstruct justice. The maximum prison sentence is 20 years. The maximum fine is $250,000. The

maximum supervised release term is three years. And there's also a mandatory special assessment of $100.

THE COURT: Okay. So Mr. Singletary, Mr. Mann has just explained the elements of each of the charges. That's what the Government would have to prove each of those things beyond a reasonable doubt for a guilty verdict. Do you understand all the elements of both of those charges?

THE DEFENDANT: Yes.

[. . .]

MR. WINE: I'm handing the plea agreement back to the Court.

THE COURT: Okay. Thank you. Okay. Now, in your plea agreement, you gave up the right to appeal from any sentence imposed. Do you understand that you've done that, Mr. Singletary?

THE DEFENDANT: Yes.

THE COURT: You know -- do you know that you are pleading guilty to a serious offense for which you can be sent to prison?

THE DEFENDANT: Yes.

THE COURT: All right. Has anyone made you, forced you, coerced you to plead guilty?

THE DEFENDANT: No.

THE COURT: Did you have a chance to thoroughly go over your plea agreement before you signed it?

THE DEFENDANT: Did I have my what?

THE COURT: Did you have a chance to thoroughly go over your plea agreement before you signed it?

THE DEFENDANT: Yes.

THE COURT: Yes?

THE DEFENDANT: Yes.

8

> THE COURT: Okay. And did anyone force you or coerce you or threaten you to get you to sign the plea agreement?
>
> THE DEFENDANT: No.
>
> THE COURT: All right. Have you voluntarily decided to plead guilty?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: And Mr. Wine, is the plea with your consent?
>
> MR. WINE: It is, your Honor.
>
> MR. MANN: And your Honor, just the only other thing we need is, the plea agreement also has a waiver of a collateral attack in addition to the appeal, other than obviously he retains his right to claim that his attorney was ineffective in negotiating the agreement or in the guilty plea.
>
> MR. WINE: That's correct, your Honor.
>
> THE COURT: Okay. Do you understand that, Mr. Singletary?
>
> THE DEFENDANT: Yeah.
>
> [. . .]
>
> THE COURT: Okay. I find that Mr. Singletary's guilty pleas have been made freely, knowingly and voluntarily and not out of ignorance, inadvertence, fear or coercion, that he is aware of the essential elements of the crimes that have been charged, and that he's aware of the consequences of entering a plea of guilty, and that the plea in each charge is supported by an independent factual basis.

Following the plea colloquy, Judge Ryu issued a report and recommendation regarding petitioner's guilty plea, to which petitioner did not object. Sworn statements in open court are presumed to be truthful, and a court should summarily dismiss "conclusory allegations unsupported by specifics" or "contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir .2008) ("Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea."). Applying these rules, petitioner's sworn

statements in the written plea agreement and before the Court must be presumed truthful. Petitioner's assertion that counsel did not explain to him the consequences of the appeal waiver provision is contradicted by the rest of the record before the Court, and is insufficient to outweigh the presumption of truth.

Ultimately, the information that petitioner's counsel allegedly failed to convey to petitioner was in fact provided and explained to petition via the plea agreement itself and by the Court.   In addition, the record does not support an inference that petitioner would have elected to proceed to trial absent any alleged error by petitioner's counsel, nor does petitioner assert as much in his motion.  Thus, petitioner has failed to demonstrate any actual prejudice stemmed from counsel's alleged errors.  Petitioner's motion as to this ground is therefore **DENIED**.

### 3. Counsel's Failure to File a Notice of Appeal

Petitioner claims that counsel was ineffective for failing to file a direct appeal despite his express request.  The Court notes that in his plea agreement, petitioner expressly waived his right to appeal.  (Plea Agreement ¶ 4.)  However, even where a defendant has expressly waived his right to appeal, it is deficient performance for counsel not to appeal at the request of a client, and a defendant is prejudiced by his loss of the right to appeal, regardless of the likelihood of success. *United States v. Sandoval–Lopez*, 409 F.3d 1193, 1197 (9th Cir. 2005) ("The prejudice in failure to file a notice of appeal cases is that the defendant lost his chance to file the appeal, not that he lost a favorable result that he would have obtained by appeal.").  The requirement that counsel file a notice of appeal at a client's request inures regardless of whether an appeal may be against the defendant's interests, even where an appeal may undo the plea agreement.

In light of the Ninth Circuit's ruling in *Sandoval-Lopez*, at this juncture the Court finds that two options are presented. First, the Court can "hold an evidentiary hearing to decide whether petitioner's allegation is true, and if it is, vacate and reenter the judgment, allowing the appeal to proceed." *Id*. at 1198.  Second, "if the state does not object, the Court can vacate and reenter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that the petitioner's claim is true." *Id*.

The Court accordingly **ORDERS** the Government to respond to this aspect of petitioner's argument.

## CONCLUSION

For the reasons set forth above, the Court concludes that as to two of three arguments presented in petitioner's motion, the record and relevant authority conclusively show that petitioner is entitled to no relief. *See* 28 U.S.C. § 2255(b). Neither a hearing nor a response from the government is required on those arguments, and they are therefore **DISMISSED WITH PREJUDICE**. *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

However, as to petitioner's argument that his counsel failed to file a notice of appeal despite his express request, the Court finds that petitioner has stated a potentially meritorious claim of ineffective assistance of counsel. Accordingly, the Government is hereby **ORDERED** to respond to this argument with relevant authority, and in such response shall indicate (1) whether it believes an evidentiary hearing, and/or other evidentiary showing, is necessary or (2) whether it objects to the Court vacating and reentering the judgment to allow the appeal to proceed. Such response shall be due no later than **fourteen (14)** days from the date of entry of this order. Any reply by petitioner shall be due no later than **fourteen (14)** days following the filing of the Government's response.

**IT IS SO ORDERED**.

Date: June 25, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**