UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>          Plaintiff,<br><br>     v.<br><br>SINGLETARY,<br><br>          Defendant. | Case No. 12-cr-00798-YGR-1   (DMR)<br><br>**ORDER GRANTING GOVERNMENT'S MOTION TO PERMIT DISCOVERY AND FIND WAIVER OF ATTORNEY-CLIENT PRIVILEGE**<br><br>Re: Dkt. No. 77 |

Defendant Michael Singletary, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 (the "§ 2255 motion") in which he raised three claims. Defendant argues, *inter alia*, that he was denied effective assistance of counsel because his counsel allegedly failed to appeal his sentence. [Docket No. 73.] On June 25, 2015, the Honorable Yvonne Gonzalez Rogers denied in part the § 2255 motion, finding that Defendant was not entitled to relief as to two of the three claims. As to Defendant's claim of ineffective assistance of counsel with respect to his sentence, the court ordered the government to respond to Defendant's argument and set a briefing schedule. [Docket No. 76.]

On July 6, 2015, the government filed a motion for an order permitting discovery, finding a waiver of attorney-client privilege with respect to the § 2255 motion, and staying the briefing schedule. [Docket No. 77.] Judge Gonzalez Rogers referred the government's motion to the undersigned, as well as all discovery, and stayed the briefing schedule. [Docket No. 80.] On July

9, 2015, this court ordered Defendant to file a response to the government's motion and to indicate whether he chose to proceed with his claim of ineffective assistance of counsel, which would result in a limited waiver of the attorney-client privilege. [Docket No. 81.]

Defendant timely filed a response in which he states that he waives the attorney-client privilege "to the extent required to resolve his claims made in his section 2255-motion" and "does not wish to withdraw any of his claims." [Docket No. 82.] Therefore, the government's motion for an order finding Defendant has waived the attorney-client privilege as to the contentions made in his § 2255 motion challenging his sentence on grounds of ineffective assistance of counsel is GRANTED. *See Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."). This waiver is limited to those materials the government needs to respond to the claim of ineffective assistance of counsel. *See Lambright v. Ryan*, 698 F.3d 808, 818 (9th Cir. 2012) (noting "such waiver is narrow and does not extend beyond the adjudication of the ineffectiveness claim in the federal habeas proceeding," discussing *Bittaker* (citation omitted)).

The court also finds that the government has shown good cause to permit discovery of attorney-client materials relevant to Defendant's ineffective assistance of counsel claim so that it may respond to the claim. *See Bittaker*, 331 F.3d at 728. The government may question Defendant's attorney, Kenneth H. Wine, regarding his communications with Defendant and may review any written communications with Defendant relating to the ineffectiveness claim. All such documents and information shall be considered "protected information" and shall not be used for any purpose other than the litigation of Defendant's § 2255 motion. *See id.* at 727-28 ("district courts have the obligation . . . to ensure that the party given [access to attorney-client materials] does not disclose these materials, except to the extent necessary in the habeas proceeding"). The government may not disclose the material to any other persons, excluding other representatives of the United States Attorney's Office or law enforcement agents who are assisting in responding to the § 2255 motion.

By no later than August 25, 2015, the government shall submit for Judge Gonzalez

Rogers's approval a proposed amended briefing schedule regarding Defendant's § 2255 motion.

**IT IS SO ORDERED.**

Dated: August 18, 2015



Donna M. Ryu
United States Magistrate Judge