UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br> Plaintiff, <br> v. <br> **MICHAEL SINGLETARY**, <br> Defendant. | Case No.: CR 12-00798 YGR <br> CV-15-01426-YGR <br><br> **ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255** <br><br> Re: Dkt. Nos. 73, 99, 108 |

On March 26, 2015, defendant Michael Singletary filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. section 2255. (Dkt. No. 73.) Defendant originally raised the following grounds: ineffective assistance of counsel ("IAC") in failing (1) to apprise him of the length of his sentence and the elements of his offenses and (2) to file a notice of appeal as requested; and (3) alleging that the Court applied the sentencing guidelines in error. On June 25, 2015, the Court denied the first and third grounds, but ordered the government to respond as to the second ground for relief. (Dkt. No. 76.) The government responded on October 8, 2015 addressing such issue. (Dkt. No. 89.)

During the pendency of such briefing, the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) was announced, which may have had implications on the application of the sentencing guidelines to defendant. Thus, on March 7, 2016, the Court vacated defendant's deadline to file his reply to the government's response. (Dkt. No. 96.) On April 15, 2016, the Court granted defendant's request for permission to file a reply brief on his remaining IAC claim and any affirmative petitions for relief under *Johnson* by June 24, 2016. (Dkt. No. 98.) On June 6,

2016, defendant filed such briefs (Dkt. No. 99)[1] and the government responded on December 5, 2016 (Dkt. No. 106). On March 6, 2017, the Supreme Court issued its decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). On the basis of such decision, the government moved to dismiss defendant's section 2255 motion to the extent that it was based on the Supreme Court's decision in *Johnson*. (Dkt. No. 108.)

Having considered all of the papers filed by the parties, the record in this case, and for the reasons set forth below, the Court **ORDERS** follows: The Court **GRANTS** the government's motion to dismiss defendant's supplemental section 2255 motion. (Dkt. No. 108.) The Court **DENIES** defendant's remaining ground for section 2255 relief based on his IAC claim. (Dkt. No. 73.)[2]

## I. BACKGROUND

### A. Sentencing Background

On March 20, 2014, Michael Singletary pled guilty to (i) being a felon in possession of a firearm in violation of 18 U.S.C. section 922(g), and (ii) obstruction of justice in violation of 18 U.S.C. section 1512(c)(2). He was sentenced to 144 months in prison. (Dkt. No. 67.) His sentence was enhanced under U.S.S.G. section 2K2.1(a)(2) on the basis of two prior crimes of violence. He was previously convicted of first-degree robbery in violation of California Penal Code section 211 and assault with a deadly weapon. With the enhancement, his sentencing range was calculated to be 140 to 175 months based on a total offense level of 28 and a criminal history category of VI.

### B. *Johnson v. United States* and *Beckles v. United States*

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court addressed a challenge to the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. section 924(e), which provides that a defendant with three prior "violent felony" convictions faces a fifteen-year mandatory-minimum sentence if convicted of violating 18 U.S.C. section 922(g). 18 U.S.C. § 924(e). The *Johnson* Court held that the residual clause in the ACCA is so vague that it

---

[1] With regard to his remaining IAC claim, defendant submitted that he was resting on his prior arguments raised in his original petition and any evidence submitted to the Court in relation to the same.

[2] The government also filed a motion to stay proceedings on November 21, 2016. (Dkt. No. 105.) In light of this order, such motion is **DENIED** as moot.

"both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557. Accordingly, the *Johnson* Court held that an increase to a defendant's sentence under the clause "denies due process of law." *Id.* In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* is retroactive as applied to the ACCA.

The ACCA residual clause definition of "violent felony," which encompasses any crime that "involves conduct that presents a serious potential risk of physical injury to another," is identical to the residual clause of the Guidelines' definition of "crime of violence." However, on March 6, 2017, the Supreme Court addressed whether *Johnson* applied to such similar language contained in the Sentencing Guidelines. *Beckles v. United States*, 137 S. Ct. 886 (2017). The Supreme Court distinguished the ACCA and the Guidelines explaining that unlike the ACCA, the "advisory Guidelines do not fix the permissible range of sentences" and thus are not "subject to a vagueness challenge under the Due Process Clause." *Id.* at 892. Thus, the Supreme Court held that similar language in the advisory Sentencing Guidelines are not void for vagueness. *Id.* at 895.

## II. LEGAL STANDARD

A prisoner in custody under sentence of a federal court, making a collateral attack against the validity of his or her conviction or sentence, must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. section 2255 in the court which imposed the sentence. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). Under 28 U.S.C. section 2255, a federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States.

## III. DISCUSSION

### A. Section 2255 Claim Under *Johnson*

Defendant argues that his sentence was improperly enhanced under U.S.S.G. section 2K2.1(a)(2) because *Johnson* held that the ACCA's "violent felony" definition was void for vagueness. By extension, defendant argues that the Sentencing Guideline enhancements, which use similar language, should also be deemed void for vagueness. However, during the pendency of defendant's petition under section 2255, the Supreme Court's decision in *Beckles* held otherwise. *Beckles*, 137 S. Ct. at 895 ("Accordingly, we hold that the advisory Sentencing Guidelines are not

subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness.")

The government has moved to dismiss defendant's section 2255 claim under *Johnson* in light of this recent decision. Defendant responded taking "no position on the substantive argument presented in the government's motion to dismiss." (Dkt. No. 109.) The Court finds that *Beckles* applies here and precludes defendant's claim under *Johnson*. Accordingly, the Court **GRANTS** the government's motion to dismiss and **DENIES** defendant's supplemental section 2255 motion based on *Johnson*.

### B. Ineffective Assistance of Counsel Claim

#### *1. Legal Standard*

The Sixth Amendment right to counsel guarantees effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, a movant must prove both incompetence of counsel and prejudice to movant's case. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Williams v. Calderon*, 52 F.3d 1465, 1469 (9th Cir. 1995). The *Strickland* two-part test also applies to challenges of guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart,* 474 U.S. 52, 58 (1985). The movant bears the burden of showing both prongs. *Strickland*, 466 U.S. at 687. Failure to make the required showing on either the "incompetence" prong or the "prejudice" prong "defeats the ineffectiveness claim." *Strickland*, 466 U.S. at 700. Put differently, no need exists to evaluate the counsel's performance if the movant fails to show that prejudice resulted from the counsel's alleged errors. *Strickland*, 466 U.S. at 697; *Hill*, 472 U.S. at 54.

In order to demonstrate deficient performance, a habeas petitioner is required to show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *See Strickland*, 466 U.S. at 687. The relevant query is not what defense counsel could have done, but rather whether the choices made by defense counsel were reasonable. *See Babbitt v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998). Judicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *See Strickland*,

466 U.S. at 689. To show prejudice in the context of guilty pleas, the petitioner must demonstrate that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Strickland*, 466 U.S. at 694.

### *2.     Analysis*

Defendant briefly raised in his original petition for relief that his counsel "failed to file [his] direct appeal as instructed at sentencing hearing." (Dkt. No. 73 at 4, 6.) The Court ordered the government to file a response to this issue specifically. (Dkt. No. 76.) On October 8, 2015, the government responded arguing (i) the Court should enforce defendant's plea waiver and (ii) in any event, the record failed to show any ineffective assistance of counsel. (Dkt. No. 89.) On February 5, 2016, the Court extended defendant's time to file a reply, noting, however, that based on its review and the evidentiary record before it, the Court was inclined to deny defendant's petition on this ground without the necessity of an evidentiary hearing. (Dkt. No. 91.) In defendant's reply on June 6, 2016, he noted that he submits "this claim on the arguments previously presented to this court." (Dkt. No. 99 at 5.)

Based on the parties' submissions and the evidence in the record, the Court finds that defendant has failed to demonstrate deficient performance on the part of his counsel in this regard. Defendant's claim that he instructed his counsel to file an appeal after the imposition of his sentence is directly contradicted by his former counsel in a signed declaration and by the record. Specifically: Kenneth Wine, his former counsel, averred that at "no time prior, during, or after the Court sentenced Mr. Singletary did Mr. Singletary personally or through a surrogate instruct me orally or in writing that I was to file an appeal or a notice of appeal on his behalf in this case." (Dkt. No. 89-8 at 3.) Additionally, prior to accepting the plea agreement, Mr. Wine advised defendant of his rights, particularly that he would be waiving his right to appeal and his right to file a collateral attack. (*Id.*) Such is corroborated by the plea agreement signed by defendant, which explicitly waives his right to an appeal except for limited grounds (Dkt. No. 89-1 at 4–5), and by his responses under oath explicitly waiving such rights (Dkt. No. 89-2 at 10, 18–19). Defendant does not dispute the veracity or accuracy of such evidence, obviating the need for any evidentiary hearings to resolve defendant's motion. *See United States v. Howard*, 381 F.3d 873, 879 (9th Cir.

2004) (holding that where a section 2255 claim "is conclusory or inherently incredible, a district court has the discretion to dismiss the petition without a hearing").

Accordingly, the Court **DENIES** defendant's section 2255 petition on this ground.

## IV. CONCLUSION

For the reasons set forth above, the Court **ORDERS** as follows: The Court **GRANTS** the government's motion to dismiss defendant's supplemental section 2255 motion. (Dkt. No. 108.) The Court **DENIES** defendant's remaining ground for section 2255 relief based on his IAC claims. (Dkt. No. 73.) The Court **DENIES** as moot the government's motion to stay proceedings. (Dkt. No. 105.) A certificate of appealability will not issue. Reasonable jurists would not "find the [Court's] assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

This Order terminates Docket Numbers 73, 105, and 108.

**IT IS SO ORDERED**.

Date: April 18, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**